UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 21-CV-23994-KING/DAMIAN

MARIA FRANQUI and JOSE FRANQUI,

    Plaintiffs,

v.

LEXINGTON INSURANCE COMPANY,

    Defendant.
_____/

## ORDER FOLLOWING DISCOVERY HEARING

THIS CAUSE is before the Court on Defendant's Motion for Sanctions for Failure to Appear for Depositions (the "Motion") [ECF No. 11], filed December 16, 2022, and the Court's Order to Show Cause and Setting Hearing (the "Order to Show Cause") [ECF No. 15], filed January 17, 2023. This matter was referred to the undersigned pursuant to an Order of Referral to Magistrate Judge [ECF No. 14] and an Order of Referral to the undersigned for all pretrial discovery matters [ECF No. 10] entered by the Honorable James Lawrence King, United States District Judge. *See* 28 U.S.C. § 636(b)(1)(A).

THE COURT has reviewed the Motion and Plaintiff's Reply to the Order to Show Cause [ECF No. 16], the pertinent portions of the record, and all relevant authorities and is otherwise fully advised in the premises. The Court also heard from the parties, through their counsel, at an in-person Discovery Hearing on January 23, 2023.

In the Motion, Defendant seeks an order awarding sanctions, including attorney's fees and costs, for Plaintiffs' failure to appear for their depositions on November 7, 2022, and November 22, 2022.

Federal Rule of Civil Procedure 37(d) authorizes the imposition of sanctions, including dismissal, for a complete failure to appear for a deposition after being served with notice and provides that "[n]o prior court order is required for Rule 37(d) sanctions." *United States v. One Lot of U.S. Currency Totaling $506,537.00*, 628 F. Supp. 1473, 1476 (S.D. Fla. 1986) (alterations in original). Rule 37(d)(3) also makes clear that the imposition of reasonable fees and costs are mandatory unless the failure to appear was substantially justified or other circumstances make an award unjust:

> Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(d)(3).

According to Defendant, the depositions set for Friday, November 7, 2022, were coordinated and properly noticed, however, on the preceding business day—Friday, November 4th—counsel for Plaintiffs informed counsel for Defendant that the depositions needed to be reset due to a "last moment conflict." Mot. at ¶ 4. Defendant requested more information regarding the last-minute conflict before resetting the depositions but received no reply from counsel for Plaintiffs. *Id.* Accordingly, Defendant proceeded with the depositions the following Monday. Plaintiffs did not appear for their depositions, and Certificates of Non-Appearance were issued. *Id.* at ¶ 5.

Defendant alleges that the parties agreed to reschedule the depositions to November 22, 2022, and that Defendant served Re-Notices for both depositions for that date. *Id.* at ¶ 6. Plaintiffs also failed to appear for these depositions, this time with no prior notice. *Id.* at ¶ 7. Plaintiffs did not move for protective orders as to any of the depositions. Defendant obtained two more Certificates of Non-Appearances for Plaintiffs' second failure to appear. *Id.*

In the Motion and supporting documents, Defendant represents that it incurred court reporter and translation fees for the November 7th depositions in the amount of $1,015,[1] (*see* ECF Nos. 18-2, 18-30), and court reporter and translation fees for the November 22nd depositions in the amount of $715. *See* ECF No. 18-1. Defendant also incurred attorney's fees in connection with the November 7th and November 22nd depositions. Defendant filed the Motion now before the Court, requesting an award of its fees and costs incurred in connection with Plaintiffs' failure to appear, as well as any other sanctions the Court deems just and proper. Mot. at 5.

Plaintiffs did not respond to the Motion. Therefore, on January 5, 2023, this Court entered an Order to Show Cause and Setting Hearing setting a hearing on the Motion and requiring Plaintiffs to show cause by January 20th as to why Defendant's Motion should not be granted by default and sanctions be imposed. [ECF No. 15]. On January 20, 2023, Plaintiffs filed a Reply to the Order to Show Cause and stated that their failure to respond to Defendants' Motion was due to an internal clerical error in calendaring. [ECF No. 16 at ¶ 2]. With regard to the failure to appear, Plaintiffs argue that upon learning about a conflict, they informed Defendants and proposed dates to reset the November 7th deposition but that

---

[1] At the hearing, Defendant's counsel explained that due to the last-minute nature of the cancellation, the translator was unable to reschedule and, therefore, charged a minimum number of hours for the appearance.

Defendants proceeded with the November 7th depositions despite knowing about Plaintiffs' conflict. *Id.* at ¶ 3. Plaintiffs further argue that Defendants noticed the November 22nd depositions without confirming the proposed dates with Plaintiffs. *Id.* Lastly, Plaintiffs argue that in advance of the November 22nd depositions, they became aware of an unexpected work emergency that caused them to become unavailable and that they provided several alternate dates for the depositions, which Defendants refused to agree to. *Id.* at ¶ 4. Therefore, Plaintiffs argue that there is good cause for their failure to respond and for denying Defendant's Motion.

At the January 23rd hearing, both parties further elaborated on the circumstances surrounding the scheduling of the depositions and communications among counsel. Based on the information set out in the papers and at the hearing, and for the reasons stated on the record at the January 23, 2023, Discovery Hearing, the undersigned finds that Plaintiffs' failure to appear at the scheduled depositions was not substantially justified. However, as indicated on the record, the Court notes that with regard to the November 7th depositions, some of the costs may have been avoided given that Defendant was aware of the conflict on the preceding Friday. Therefore, pursuant to Federal Rule of Civil Procedure 37(d)(3), Plaintiffs and their attorney[2] are required to pay the reasonable expenses, including attorney's fees, caused by Plaintiffs' failure to attend the depositions.

Accordingly, it is hereby

---

[2] As set forth on the record, Plaintiffs and their counsel shall determine who will pay the sanctions imposed herein.

**ORDERED AND ADJUDGED** that Defendant's Motion for Sanctions for Failure to Appear at Depositions [ECF No. 11] is **GRANTED IN PART AND DENIED IN PART** as follows:

As to costs, the Motion is **GRANTED** as to fifty percent of the costs sought in connection with the November 7th depositions and one hundred percent of the costs sought in connection with the November 22nd depositions. Accordingly, Plaintiffs and their counsel shall pay twenty-five percent of the costs incurred by Defendant in connection with the November 7, 2022, depositions, that is $253.75, and fifty percent of the costs incurred by Defendant in connection with the November 22, 2022, depositions, $357.50.[3]

As to attorney's fees, the Motion is **GRANTED** as to Defendant's entitlement to: (1) one hundred percent of reasonable fees incurred in preparing the Motion and attending the January 23, 2023, hearing; (2) twenty-five percent of the fees incurred in attending the November 7th depositions; and (3) fifty percent of the fees incurred in attending the November 22nd depositions.[4] After conferring with counsel for Plaintiffs, if necessary, Defendant may submit its application for attorney's fees within 14 days of the Court's rulings on the record at the Zoom Motion hearing held January 23, 2023, in accordance with Local Rule 7.3. It is further

**ORDERED AND ADJUDGED** that the Order to Show Cause [ECF No. 15] is hereby **DISCHARGED**.

---

[3] At the hearing, counsel for Defendant stated that because Defendant is also seeking a costs sanction in the companion State Court action, Defendant is only seeking fifty percent of the costs associated with the November 7th and November 22nd depositions in this case.

[4] At the hearing, counsel for Defendant stated that Defendant is seeking fifty percent of the attorney's fees associated with the November 7th and November 22nd depositions and one hundred percent of the attorney's fees associated with the filing of the Motion.

Although this written Order is executed this 24th day of January, the Court announced its rulings on the parties' requested relief on the record at the Zoom Motion hearing held January 23, 2023, and, thus, this Order is effective as of January 23, 2023.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 24th day of January, 2023.

_____
MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

cc:  Hon. James Lawrence King
     Counsel of Record